UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

x

STANLEY MARGOLIS, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

        vs.

LANTHEUS HOLDINGS, INC., PAUL M. BLANCHFIELD, BRIAN A. MARKISON, ROBERT J. MARSHALL, and AMANDA MORGAN,

        Defendants.

:  Civil Action No. 1:25-cv-07491-JHR

:  <u>CLASS ACTION</u>

---

x

INDIANA PUBLIC RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,

        Plaintiff,

        vs.

LANTHEUS HOLDINGS, INC., BRIAN MARKISON, PAUL M. BLANCHFIELD, ROBERT J. MARSHALL, JR., and AMANDA MORGAN,

        Defendants.

Civil Action No. 1:25-cv-09234-UA

<u>CLASS ACTION</u>

x

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND SELECTION OF LEAD COUNSEL**

4906-7775-5512

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   FACTUAL BACKGROUND ................................................................................2

III.  ARGUMENT .......................................................................................................3

       A.    The Related Actions Should Be Consolidated........................................3

       B.    INPRS Should Be Appointed Lead Plaintiff ..........................................3

             1.    INPRS's Motion Is Timely ............................................................4

             2.    INPRS Has a Substantial Financial Interest in the Relief Sought by the Class ...................................................................................4

             3.    INPRS Is Typical and Adequate of the Purported Class ............................4

       C.    The Court Should Approve INPRS's Selection of Counsel ...................................6

IV.  CONCLUSION....................................................................................................8

4906-7775-5512

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Dicker v. TuSimple Holdings Inc.*,
    No. 3:22-cv-01300 (S.D. Cal.)................................................................................................6

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
    No. 8:15-cv-00865-AG (C.D. Cal.) .........................................................................................7

*In re Am. Realty Cap. Props., Inc. Litig.*,
    No. 1:15-mc-00040-AKH (S.D.N.Y.) ......................................................................................7

*In re Cardinal Health, Inc. Sec. Litig.*,
    No. 2:04-cv-00575-ALM (S.D. Ohio) ......................................................................................7

*In re Enron Corp. Sec. Litig.*,
    No. 4:01-cv-03624 (S.D. Tex.) .................................................................................................7

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) ...............................................................................................5

*In re HealthSouth Corp. Sec. Litig.*,
    No. 2:03-cv-01500-KOB-TMP (N.D. Ala.)..............................................................................8

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
    No. 1:01-cv-01451-REB-KLM (D. Colo.) ...............................................................................8

*In re UnitedHealth Grp. Inc. Sec. Litig.*,
    No. 0:06-cv-01691-JMR-FLN (D. Minn.)................................................................................8

*Karinski v. Stamps.com, Inc.*,
    No. 19-cv-1828 (C.D. Cal.) .....................................................................................................6

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
    No. 1:02-cv-05893 (N.D. Ill.) ..................................................................................................8

*Malasky v. IAC/Interactivecorp*,
    2004 WL 2980085 (S.D.N.Y. Dec. 21, 2004) .........................................................................5

*Michiana Area Elec. Worker's Pension Fund v. Inari Med., Inc.*,
    2025 WL 936572 (S.D.N.Y. Mar. 27, 2025) ...........................................................................1

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
    No. 1:08-cv-10783-LAP (S.D.N.Y.)..........................................................................................7

4906-7775-5512

**Page**

*Reimer v. Ambac Fin. Grp., Inc.*,
    2008 WL 2073931 (S.D.N.Y. May 9, 2008) ...........................................................................3

*Roofers Loc. No. 149 Pension Fund v. Amgen Inc.*,
    2023 WL 4406286 (S.D.N.Y. July 7, 2023) ..........................................................................5

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
    §78u-4(a)(1) ...........................................................................................................................3
    §78u-4(a)(3)(A)(i) ..................................................................................................................3
    §78u-4(a)(3)(B)(i) ..............................................................................................................1, 3
    §78u-4(a)(3)(B)(ii) .............................................................................................................1, 3
    §78u-4(a)(3)(B)(iii) ................................................................................................................1
    §78u-4(a)(3)(B)(iii)(I) ............................................................................................................4
    §78u-4(a)(3)(B)(iii)(I)(cc) ......................................................................................................4
    §78u-4 (a)(3)(B)(v) ............................................................................................................2, 6

Federal Rules of Civil Procedure
    Rule 23 ...............................................................................................................................4, 5
    Rule 42(a)...........................................................................................................................1, 3

**LEGISLATIVE HISTORY**

H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679.........................5

4906-7775-5512

## I.    INTRODUCTION

Two related securities class action lawsuits brought on behalf of investors of Lantheus Holdings, Inc. ("Lantheus" or the "Company") securities alleging claims under the Securities Exchange Act of 1934 (the "Exchange Act") are pending before this Court.[1]  The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated because they are based on the same core set of facts and assert similar claims against the same defendants on behalf of a proposed class of investors that purchased Lantheus securities during overlapping class periods alleging the same violations of the federal securities laws.  *See* Fed. R. Civ. P. 42(a).

As soon as practicable after consolidating the Related Actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, Indiana Public Retirement System ("INPRS") should be appointed lead plaintiff because it filed a timely motion, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-

---

[1]    The Related Actions are *Margolis v. Lantheus Holdings, Inc.*, No. 1:25-cv-07491 (filed September 9, 2025) ("*Margolis* Action") and *Indiana Public Retirement System v. Lantheus Holdings, Inc.*, No. 1:25-cv-09234 (filed November 5, 2025) ("*INPRS* Action").  The *Margolis* Action brings claims on behalf of purchasers of Lantheus securities between February 26, 2025 and August 5, 2025, while the *INPRS* Action brings claims on behalf of purchasers of Lantheus common stock between November 6, 2024 and August 6, 2025.  This motion relies on the longer, more inclusive class period alleged in the *INPRS* Action.  *See Michiana Area Elec. Worker's Pension Fund v. Inari Med., Inc.*, 2025 WL 936572, at *5 (S.D.N.Y. Mar. 27, 2025) ("Courts have held that the lead plaintiff analysis should use the 'most inclusive class period' because it includes more potential class members.").  Unless otherwise noted, all emphasis is added and citations are omitted.

4906-7775-5512

4(a)(3)(B)(iii). In addition, INPRS's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel is reasonable and should be approved. *See* 15 U.S.C. §78u-4 (a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Lantheus presents itself as a sophisticated medical technology company driving innovation in radiopharmaceuticals. Lantheus's flagship product is Pylarify, a prostate-specific membrane-antigen PET imaging agent. Lantheus common stock trades on the Nasdaq under the ticker symbol LNTH.

Throughout the Class Period defendants portrayed Lantheus as a diversified, data-driven company with multiple growth drivers, long-term contracts, and deep understanding of market dynamics. However, Lantheus's success was almost entirely dependent on Pylarify, which generated the vast majority of revenue. The complaints allege that defendants knew that the Company's forecasting processes were unreliable and that management had materially underestimated the pricing and reimbursement risks created by a Centers for Medicare & Medicaid Services rule shifting hospital reimbursement for Pylarify from Average Sales Price to Mean Unit Cost rates.

On May 7, 2025, Lantheus announced first quarter results that missed market expectations. Specifically, Pylarify sales declined year-over-year, and defendants lowered full-year guidance. On this news, the price of Lantheus shares fell approximately 23%.

Then, on August 6, 2025, Lantheus announced an 8% year-over-year decline in Pylarify revenue, revealed that price-mix had deteriorated by roughly 10%, slashed its full-year guidance, and admitted to widespread contract renegotiations and account losses. On this news, the price of Lantheus shares fell nearly 29%.

4906-7775-5512

As a result of defendants' alleged wrongful acts and omissions and the decline in the value of Lantheus common stock, INPRS and other class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The Related Actions allege substantially similar claims on behalf of Lantheus investors, name the same defendants, and arise out of the same facts and circumstances regarding defendants' alleged wrongdoing during overlapping class periods. *See Reimer v. Ambac Fin. Grp., Inc.*, 2008 WL 2073931, at *1 (S.D.N.Y. May 9, 2008). Thus, the Related Actions should be consolidated.

### B.   INPRS Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

4906-7775-5512

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  INPRS meets these requirements and should be appointed Lead Plaintiff.

### 1.    INPRS's Motion Is Timely

The statutory notice was published of the *Margolis* Action on September 10, 2025 in *Globe Newswire* and advised putative class members of the action's pendency, the claims asserted, the proposed Class Period, and the right to move the Court to be appointed as lead plaintiff by November 10, 2025.  *See* Declaration of Chad Johnson in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Johnson Decl."), Ex. A, filed concurrently herewith.  Similarly, counsel for INPRS published notice of the *INPRS* Action on November 5, 2025 via *PR Newswire*.  *See* Johnson Decl., Ex. B.  Because this motion is being filed by the statutory deadline, it is timely, and INPRS is entitled to be considered for appointment as lead plaintiff.

### 2.    INPRS Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by its Certification and loss chart, INPRS suffered more than $3.2 million in losses on its purchases of Lantheus common stock during the Class Period as a result of defendants' alleged violations of the federal securities laws.  *See* Johnson Decl., Exs. C, D.  To the best of INPRS's counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3.    INPRS Is Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this early stage of

- 4 -

4906-7775-5512

litigation, only typicality and adequacy are pertinent. *See Roofers Loc. No. 149 Pension Fund v. Amgen Inc.*, 2023 WL 4406286, at *2 (S.D.N.Y. July 7, 2023). "The typicality requirement is satisfied when the representative party's claims 'arise from the same course of events' as those of the rest of the class, and when that party 'makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). "And the adequacy requirement is satisfied where '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Id.* (citation omitted).

Here, INPRS's claims are typical of those of the class because – like all class members – it purchased Lantheus common stock during the Class Period at artificially inflated prices, and suffered losses as a result of defendants' alleged misconduct. Substantially similar – if not identical – legal arguments and discovery will be required to prove defendants' liability. INPRS therefore satisfies the typicality requirement of Rule 23.

Further, as a sophisticated institutional investor, INPRS is precisely the type of plaintiff whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99-100 n.23 (S.D.N.Y. 2005) ("'The legislative history of the PSLRA reflects a preference for institutional investors in the lead plaintiff role.'") (citation omitted); *Malasky v. IAC/Interactivecorp*, 2004 WL 2980085, at *4 (S.D.N.Y. Dec. 21, 2004) (discussing the PSLRA's preference for institutional investors); *see also* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in

- 5 -

securities class actions."). Indeed, INPRS provides retirement, disability, survivor, and other benefits to the state of Indiana's teachers, police officers, firefighters, judges, attorneys, public employees, and others. INPRS manages tens of billions of dollars for the benefit of hundreds of thousands of active and retired members, representing more than 1,300 employers, including public universities, schools, municipalities, and state agencies. Moreover, INPRS has extensive experience successfully serving as lead plaintiff in securities class actions. *See Dicker v. TuSimple Holdings Inc.*, No. 3:22-cv-01300 (S.D. Cal.) ($189 million recovery with INPRS as lead plaintiff is largest ever PSLRA recovery in the Southern District of California); *Karinski v. Stamps.com, Inc.*, No. 19-cv-1828 (C.D. Cal.) ($100 million recovery with INPRS as lead plaintiff). Finally, as set forth in more detail below, INPRS has retained Robbins Geller as lead counsel, a law firm with extensive experience prosecuting securities class actions. Accordingly, INPRS readily satisfies the adequacy requirement.

Because INPRS filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that INPRS is the "most adequate plaintiff."

### C.     The Court Should Approve INPRS's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). INPRS has selected Robbins Geller to serve as lead counsel in this case.[2]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, specializes in complex securities litigation. The Firm's securities department includes numerous trial attorneys

---

[2]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

4906-7775-5512

and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783-LAP (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers. They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law. I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . . Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job.").

Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

---

[3]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest

- 7 -

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Court can be assured that by granting this motion, the class will receive the highest caliber of legal representation. Accordingly, INPRS's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV.    CONCLUSION

The Related Actions are substantially similar and should be consolidated. In addition, INPRS satisfies each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, INPRS respectfully requests that the Court consolidate the Related Actions, appoint it as Lead Plaintiff, and approve its selection of Lead Counsel.

DATED: November 10, 2025                Respectfully submitted,

                                                ROBBINS GELLER RUDMAN
                                                    & DOWD LLP
                                                CHAD JOHNSON
                                                NOAM MANDEL
                                                DESIREE CUMMINGS
                                                JONATHAN ZWEIG


                                                         *s/ Chad Johnson*
                                                             CHAD JOHNSON

---

securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4906-7775-5512

420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
chadj@rgrdlaw.com
noam@rgrdlaw.com
dcummings@rgrdlaw.com
jzweig@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing memorandum of law complies with the formatting and word-count limitations pursuant to Rule 7.1(c) of the United States District Court for the Southern District of New York as it contains 2,359 words.

*s/ Chad Johnson*

CHAD JOHNSON

- 9 -

4906-7775-5512