UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| STANLEY MARGOLIS, Individually and on Behalf of All Others Similarly Situated, | x : : : | Civil Action No. 1:25-cv-07491-JHR |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : : | |
| vs. | : : | |
| | : : | |
| LANTHEUS HOLDINGS, INC., PAUL M. BLANCHFIELD, BRIAN A. MARKISON, ROBERT J. MARSHALL, and AMANDA MORGAN, | : : : : : | |
| | : : | |
| Defendants. | : : : | |
| INDIANA PUBLIC RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, | x : : : | Civil Action No. 1:25-cv-09234-JHR |
| | : | CLASS ACTION |
| | : : | |
| Plaintiff, | : : | |
| | : : | |
| vs. | : : | |
| | : : | |
| LANTHEUS HOLDINGS, INC., BRIAN MARKISON, PAUL M. BLANCHFIELD, ROBERT J. MARSHALL, JR., and AMANDA MORGAN, | : : : : : | |
| | : | |
| Defendants. | : x | |

INDIANA PUBLIC RETIREMENT SYSTEM'S OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTION

4918-4423-2315

## I.     INTRODUCTION

Two motions were filed seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in this action by: (1) Indiana Public Retirement System ("INPRS") and (2) Sebastien Hazard.  *See* ECF 9, 13.[1]

Based on information contained in the movants' motions, INPRS is clearly the "most adequate plaintiff" within the meaning of the PSLRA.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Indeed, INPRS's loss of more than $3.2 million is more than *18 times* larger than the loss claimed by Mr. Hazard, and INPRS otherwise meets the Rule 23 typicality and adequacy requirements. Moreover, there is, and will be, no "proof" that INPRS is inadequate or subject to unique defenses. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  Accordingly, INPRS's motion should be granted.

## II.     ARGUMENT

### A.     INPRS Meets the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who otherwise satisfies the requirements of Rule 23.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 192 (3d Cir. 2005); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

In this District, while courts can consider four factors (shares purchased, net shares purchased, net funds expended, and loss) to determine the largest financial interest, "[m]ost courts agree that the largest loss is the critical ingredient in determining the largest financial interest and outweighs net shares purchased and net expenditures." *Richman v. Goldman Sachs Grp., Inc.*, 274

---

[1] Both movants agree that the above-captioned related securities class actions should be consolidated.

4918-4423-2315

F.R.D. 473, 479 (S.D.N.Y. 2011); *see also Bo Young Cha v. Kinross Gold Corp.*, 2012 WL 2025850, at \*2 (S.D.N.Y. May 31, 2012) (collecting cases); *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 270 (S.D.N.Y. 2015).

Here, however, INPRS possesses a larger financial interest than Mr. Hazard under **each of the four factors** considered by courts in assessing which movant is the most adequate plaintiff.

| MOVANT | SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | CLAIMED LOSS |
|---|---|---|---|---|
| INPRS | 103,886 | 103,149 | $8,811,505 | **$3,214,527** |
| Mr. Hazard | 5,542 | 3,927 | $391,162 | $177,011 |

There can be no legitimate dispute, then, that INPRS possesses the "largest financial interest" in this litigation:

Aside from having the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, INPRS must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). Here, there can be no question that INPRS satisfies this requirement. *See* ECF 14 at 4-6. Indeed, as an institutional investor with experience serving as lead plaintiff, INPRS is precisely the type of sophisticated institutional investor that Congress intended to empower to lead complex securities class actions like the current action: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *Cendant*, 264 F.3d at 273; *see Dicker v. TuSimple Holdings Inc.*, No. 3:22-cv-01300 (S.D. Cal.) ($189 million recovery with INPRS as lead plaintiff is largest ever PSLRA recovery in the Southern District of California); *Karinski v. Stamps.com, Inc.*, No. 2:19-cv-01828 (C.D. Cal.) ($100 million recovery with INPRS as lead plaintiff).

4918-4423-2315

Because INPRS clearly has the largest financial interest and satisfies Rule 23's requirements, it is presumptively the "most adequate plaintiff."

### B.     The Presumption of "Most Adequate Plaintiff" Which Lies in Favor of INPRS Cannot Be Rebutted

The presumptive lead plaintiff, in this case INPRS, must be appointed unless it is **proven** that it will not satisfy the typicality and adequacy requirements of Rule 23(a).  "[O]nce the presumption is triggered, the question **is not** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job."  *Cendant*, 264 F.3d at 268 (emphasis in original); *see also Cavanaugh*, 306 F.3d at 730-32.

INPRS has made the required *prima facie* showing of typicality and adequacy.  *See* ECF 14 at 4-6.  In addition, Mr. Hazard cannot present proof to rebut the presumption which lies in favor of INPRS because none exists.  INPRS also selected a law firm highly experienced in securities litigation to serve as lead counsel.  *See id*. at 6-8.  Consequently, the presumption of "most adequate plaintiff," which lies in favor of INPRS cannot be rebutted.  INPRS's motion for appointment as lead plaintiff and approval of lead plaintiff's selection of lead counsel should be granted and the motion filed by Mr. Hazard should be denied.

## III.     CONCLUSION

INPRS is the presumptively most adequate plaintiff because it possesses the largest financial interest in the relief sought by the class and meets Rule 23's adequacy and typicality requirements. In addition, the presumption which lies in INPRS's favor cannot be rebutted.  Therefore, INPRS respectfully requests that this Court enter an order: (1) appointing INPRS to serve as Lead Plaintiff in this action; (2) approving INPRS's selection of Lead Counsel; and (3) denying Mr. Hazard's competing motion for appointment as lead plaintiff.

- 3 -

4918-4423-2315

DATED:  November 20, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHAD JOHNSON
NOAM MANDEL
DESIREE CUMMINGS
JONATHAN ZWEIG

_s/ Noam Mandel_
NOAM MANDEL

420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
chadj@rgrdlaw.com
noam@rgrdlaw.com
dcummings@rgrdlaw.com
jzweig@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing memorandum of law complies with the formatting and word-count limitations pursuant to Rule 7.1(c) of the United States District Court for the Southern District of New York as it contains 864 words.

_s/ Noam Mandel_
NOAM MANDEL

- 4 -

4918-4423-2315

4918-4423-2315